UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARIO ARMADO,

Plaintiff,

v.

PORT OF SEATTLE POLICE DEPARTMENT, *et al.*,

Defendants.

Case No. C15-0038RSM

ORDER GRANTING DEFENDANT JACK MYERS' MOTION FOR SUMMARY JUDGMENT

## I. INTRODUCTION

This matter comes before the Court on Defendant Myers' Motion for Summary Judgment seeking to dismiss Sergeant Jack Myers from this matter. Dkt. #11. In his Complaint, Plaintiff alleged that Defendant Myers conducted a biased investigation of several complaints he had made, and that such bias was due to the fact that he is Indian and homeless. *See* Dkt. #1, Ex. 1. Defendants seek summary dismissal of all claims made against Sergeant Myers. Dkt. #11. Plaintiff has failed to oppose the motion. Having reviewed the record before it, and having determined that oral argument is unnecessary, the Court now GRANTS Defendant Myers' motion.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.

R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). In ruling on summary judgment, a court does not weigh evidence to determine the truth of the matter, but "only determine[s] whether there is a genuine issue for trial." *Crane v. Conoco, Inc.*, 41 F.3d 547, 549 (9th Cir. 1994) (*citing Federal Deposit Ins. Corp. v. O'Melveny & Myers*, 969 F.2d 744, 747 (9th Cir. 1992)). Material facts are those which might affect the outcome of the suit under governing law. *Anderson*, 477 U.S. at 248.

The Court must draw all reasonable inferences in favor of the non-moving party. *See O'Melveny & Myers*, 969 F.2d at 747, *rev'd on other grounds*, 512 U.S. 79 (1994). However, the nonmoving party must make a "sufficient showing on an essential element of her case with respect to which she has the burden of proof" to survive summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Further, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 251.

## III. BACKGROUND

Plaintiff's primary allegations are directed at Port of Seattle Police Officer R. Blackwell. *See* Dkt. #1, Ex. 1 at 3. Plaintiff alleges that Officer Blackwell violated his constitutional rights by pulling him over on two occasions without probable cause, and by forcing him to take a breathalyzer test under the threat of being sent to jail. *Id.* Plaintiff further alleges that Defendants are responsible for more than $2000 in damages to his vehicle that occurred when his car was towed to an impound lot after his arrest. *Id.* He further alleges that Officer Blackwell fabricated the police reports related to the incidents. *Id.* Finally, after he complained about Officer Blackwell to the Port of Seattle Police Department, Plaintiff alleges

that Defendant Myers conducted a biased and discriminatory investigation in violation of his civil rights. *Id.*

According to Defendants, the following incidents occurred involving Plaintiff and Officer Blackwell. On April 17, 2014, just after 2:00 am, Officer Blackwell witnessed a purple 1993 Lexus sedan commit several traffic violations. Dkt. #12, Exs. C-E. Officer Blackwell initiated a traffic stop and was joined by Officer Kleiner. *Id*. The windows on the Lexus were heavily tinted, and Officer Blackwell could not identify who was at the wheel.[1] *Id*. There was also movement in the car. *Id.* Plaintiff exited the passenger side, and rapidly approached Officer Blackwell, claiming he was not the driver. *Id.* There was a second male in the car. *Id*. Officer Blackwell determined that both males were intoxicated and neither could drive. *Id*.

Under the circumstances, Officer Blackwell could not develop probable cause for an arrest or traffic citation. *Id*. However, Plaintiff voluntarily took a portable breath test, and registered a .15 blood alcohol level. *Id*. As a result, Officer Blackwell ordered the vehicle impounded and towed from the scene. *Id*.

In September of 2014, Plaintiff made three complaints against Officer Blackwell arising from the April traffic stop. *Id.* Sgt. Myers was tasked with investigating the complaint. *Id*. In October, Sgt. Myers interviewed Plaintiff about his allegations. Dkt. #12, Exs. A-E.

The first allegation, a possible police courtesy violation, was that Officer Blackwell used profanity when ordering Plaintiff to leave. Dkt. #12, Ex. A. During the interview, Plaintiff recanted the allegation and admitted he could not remember the exact words used by Officer Blackwell. Dkt. #12, Ex. C. Plaintiff accused Officer Blackwell of drawing his firearm and pointing it at him. *Id.* He claimed he spotted a "red dot" on the ground during the encounter. *Id.*

---

[1] Plaintiff was identified as the registered owner of the vehicle. Dkt. #12, Exs. C-E.

Sgt. Myers' investigation found that neither officer had laser sights on their firearms. Dkt. #12, Ex. C. The investigation found, and the reports confirmed, that Officer Kleiner unholstered his TASER. *Id.* Officer Kleiner said he drew the TASER due to Plaintiff's size and aggressive behavior. *Id.* The TASER has a laser sight. *Id*. It was never fired. *Id.*

The second allegation was that Officer Blackwell did not fill out appropriate paperwork during the impound. *Id.* Sgt. Myers found that Officer Blackwell did complete the appropriate paperwork and followed appropriate procedures for the impound. *Id.*

The third allegation was that Officer Blackwell lied in his report about not being able to identify the driver due to the window tinting. *Id.* Sgt. Myers found this allegation was not sustained. *Id.*

On July 13, 2014, just after 2:00 am, Officer Blackwell observed a 1995 white Chevrolet truck committing traffic violations. *Id.* The driver was identified as Plaintiff. *Id*. He was unable to produce proof of insurance or a vehicle registration. *Id.* He did have a driver's license. *Id.* He was arrested and processed for DUI. *Id.*

Afterwards, Plaintiff alleged that Officer Blackwell lied in his report about asking for insurance and registration. Dkt. #12, Exs. B and C. Sgt. Myers noted that Officer Blackwell routinely asked for proof of insurance and registration. Dkt. #12, Ex. C. Sgt Myers also pointed out that Officer Blackwell did not cite Plaintiff for failing to produce the documents. *Id*.

Plaintiff also alleged that Officer Blackwell lied in his report when he claimed that he gave Plaintiff his Miranda Warnings. Dkt. #12, Exs. B and C. Sgt. Myers noted that on the DUI arrest packet, the Miranda Warnings is in writing and was apparently signed by Plaintiff. *Id.* Sgt. Myers also noted that Plaintiff admitted he wanted the DUI case dismissed, and made

the complaint against Officer Blackwell to get leverage on that charge. Dkt. #12, Ex. C. He filed the complaint at the suggestion of a friend or attorney. *Id.*

Sgt. Myers asserts that the Port of Seattle Police Department takes citizen complaints seriously and that he conducted a thorough and impartial investigation pursuant to the standards set by the Department. Dkt. #12 at ¶ ¶ 8 and 9. He reviewed all pertinent reports and conducted an in-person interview with the complainant. Dkt. #12, Exs. C-E. He did so without regard to Plaintiff's race or housing status. Dkt. #12 at ¶ 9.

Plaintiff initially filed this matter in the King County District Court West Division. Defendants then removed the action to this Court based on Plaintiff's allegations of his federal constitutional rights. Dkt. #1. In his Complaint, Plaintiff made the following complaint against Sgt. Myers:

> I filed two citizen complaints on officer Blackwell on 9/29/2014, with the Port of Seattle Police Department one for each incident but (S.G.T)) [sic] Myers who is in charge of handling the citizen complaint case is not taking any action appropriately to resolve this harassment problem with officer Blackwell instead he is covering up for officer Blackwell and I am suing (S.G.T) Myers for his role of discrimination against me because of my Indian race and because I am homeless.

Dkt. #1, Exhibit 1. The instant motion followed.

## IV. DISCUSSION

In the Ninth Circuit, "it is well established that the 'government may not racially discriminate in the administration of any of its services[,]' including investigations." *Elliot–Park v. Manglona*, 592 F.3d 1003, 1007 (9th Cir. 2010). "Thus, while there is no constitutional right to an internal investigation, the state may not discriminate in the implementation of that service." *Bey v. City of Oakland*, No. 14-CV-01626-JSC, 2014 WL 7206581, at *5 (N.D. Cal. Dec. 18, 2014).

In this case, the evidence submitted by Defendants demonstrates a fair and thorough investigation. There is nothing that suggests bias by Sergeant Myers against Plaintiff based on race or housing status. *See* Dkt. #12, Exs. A-E. Further, Plaintiff has failed to come forward with evidence to support his allegation that race or housing status was a factor in the investigation and conclusion that Officer Blackwell had not committed any Department policy violations during the two incidents involving Plaintiff. Accordingly, he has failed to show that there is any genuine dispute with a material fact precluding summary judgment in favor of Sergeant Myers.

## V. CONCLUSION

Having reviewed Defendant Myers' motion for summary judgment and the reply in support thereof, along with all supporting declarations and exhibits and the remainder of the record, the Court hereby finds and ORDERS:

1. Defendant Myers' Motion for Summary Judgment (Dkt. #11) is GRANTED. All claims against Sergeant Myers are dismissed with prejudice and Sergeant Myers is no longer a Defendant in this action.
2. This case is still pending with respect to the allegations against the remaining Defendants.

DATED this 21st day of May 2015.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE