UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARIO ARMADO,

        Plaintiff,

   v.

PORT OF SEATTLE POLICE
DEPARTMENT, *et al*.,

        Defendants.

Case No. C15-0038RSM

ORDER GRANTING DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT

## I.    INTRODUCTION

This matter comes before the Court on Defendants Port of Seattle Police Department's and Officer Ray Blackwell's Motion for Summary Judgment.[1] Dkt. #17. In his Complaint, Plaintiff alleged that Defendants violated his constitutional rights and negligently damaged his vehicle due to the fact that he is Indian and homeless. *See* Dkt. #1, Ex. 1. Defendants seek summary dismissal of all claims made against the remaining Defendants. Dkt. #17. Plaintiff has failed to oppose the motion. Having reviewed the record before it, and having determined that oral argument is not necessary, the Court now GRANTS Defendants' motion.

---

[1] The Court has already dismissed Sergeant Jack Myers from this matter on a previous motion for summary judgment. Dkt. #15.

ORDER
PAGE - 1

## II.  SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).  In ruling on summary judgment, a court does not weigh evidence to determine the truth of the matter, but "only determine[s] whether there is a genuine issue for trial." *Crane v. Conoco, Inc.*, 41 F.3d 547, 549 (9th Cir. 1994) (*citing Federal Deposit Ins. Corp. v. O'Melveny & Myers*, 969 F.2d 744, 747 (9th Cir. 1992)).  Material facts are those which might affect the outcome of the suit under governing law. *Anderson,* 477 U.S. at 248.

The Court must draw all reasonable inferences in favor of the non-moving party. *See O'Melveny & Myers*, 969 F.2d at 747, *rev'd on other grounds*, 512 U.S. 79 (1994).  However, the nonmoving party must make a "sufficient showing on an essential element of her case with respect to which she has the burden of proof" to survive summary judgment. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986).  Further, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 251.

## III.  BACKGROUND

Plaintiff's primary allegations are directed at Port of Seattle Police Officer Ray Blackwell.  *See* Dkt. #1, Ex. 1 at 3.  Plaintiff alleges that Officer Blackwell violated his constitutional rights by pulling him over on two occasions without probable cause, and by forcing him to take a breathalyzer test under the threat of being sent to jail.  *Id.*  Plaintiff further alleges that Defendants are responsible for more than $2000 in damages to his vehicle that

occurred when his car was towed to an impound lot after his arrest. *Id.* He further alleges that Officer Blackwell fabricated the police reports related to the incidents. *Id.*

According to Defendants, the following incidents occurred involving Plaintiff and Officer Blackwell. On April 17, 2014, just after 2:00 am, Officer Blackwell witnessed a purple 1993 Lexus sedan commit several traffic violations. Dkt. #12, Exs. C-E. Officer Blackwell initiated a traffic stop and was joined by Officer Kleiner. *Id.* The windows on the Lexus were heavily tinted, and Officer Blackwell could not identify who was at the wheel.[2] *Id.* There was also movement in the car. *Id.* Plaintiff exited the passenger side, and rapidly approached Officer Blackwell, claiming he was not the driver. *Id.* There was a second male in the car. *Id.* Officer Blackwell determined that both males were intoxicated and neither could drive. *Id.*

Under the circumstances, Officer Blackwell could not develop probable cause for an arrest or traffic citation. *Id.* However, Plaintiff voluntarily took a portable breath test, and registered a .15 blood alcohol level. *Id.* As a result, Officer Blackwell ordered the vehicle impounded and towed from the scene. *Id.*

In September of 2014, Plaintiff made three complaints against Officer Blackwell arising from the April traffic stop. *Id.* Sgt. Myers was tasked with investigating the complaint. *Id.* In October, Sgt. Myers interviewed Plaintiff about his allegations. Dkt. #12, Exs. A-E.

The first allegation, a possible police courtesy violation, was that Officer Blackwell used profanity when ordering Plaintiff to leave. Dkt. #12, Ex. A. During the interview, Plaintiff recanted the allegation and admitted he could not remember the exact words used by Officer Blackwell. Dkt. #12, Ex. C. Plaintiff accused Officer Blackwell of drawing his firearm and pointing it at him. *Id.* He claimed he spotted a "red dot" on the ground during the encounter. *Id.*

---

[2] Plaintiff was identified as the registered owner of the vehicle. Dkt. #12, Exs. C-E.

ORDER
PAGE - 3

A subsequent investigation found that neither officer had laser sights on their firearms. Dkt. #12, Ex. C. The investigation found, and the reports confirmed, that Officer Kleiner unholstered his TASER. *Id.* Officer Kleiner said he drew the TASER due to Plaintiff's size and aggressive behavior. *Id.* The TASER has a laser sight. *Id.* It was never fired. *Id.*

The second allegation was that Officer Blackwell did not fill out appropriate paperwork during the impound. *Id.* The investigation found that Officer Blackwell did complete the appropriate paperwork and followed appropriate procedures for the impound. *Id.*

The third allegation was that Officer Blackwell lied in his report about not being able to identify the driver due to the window tinting. *Id.* After the investigation, this allegation was not sustained. *Id.*

On July 13, 2014, just after 2:00 am, Officer Blackwell observed a 1995 white Chevrolet truck committing traffic violations. *Id.* The driver was identified as Plaintiff. *Id.* He was unable to produce proof of insurance or a vehicle registration. *Id.* He did have a driver's license. *Id.* He was arrested and processed for DUI. *Id.*

Afterwards, Plaintiff alleged that Officer Blackwell lied in his report about asking for insurance and registration. Dkt. #12, Exs. B and C. The investigation report noted that Officer Blackwell routinely asked for proof of insurance and registration, and that Officer Blackwell did not cite Plaintiff for failing to produce the documents in any event. Dkt. #12, Ex. C.

Plaintiff also alleged that Officer Blackwell lied in his report when he claimed that he gave Plaintiff his Miranda Warnings. Dkt. #12, Exs. B and C. Sgt. Myers noted that on the DUI arrest packet, the Miranda Warnings is in writing and was apparently signed by Plaintiff. *Id.* Sgt. Myers also noted that Plaintiff admitted he wanted the DUI case dismissed, and made

ORDER
PAGE - 4

the complaint against Officer Blackwell to get leverage on that charge. Dkt. #12, Ex. C. He filed the complaint at the suggestion of a friend or attorney. *Id.*

Plaintiff initially filed this matter in the King County District Court West Division. Defendants then removed the action to this Court based on Plaintiff's allegations of his federal constitutional rights. Dkt. #1.

## IV.   DISCUSSION

Plaintiff appears to allege three claims in his Complaint: 1) malicious harassment; 2) negligence; and 3) federal constitutional rights violations, as follows:

> I am suing officer Blackwell of the port of Seattle Police Department on the grounds of MALICIOUS HARASSMENT and for violating my CONSTITUTIONAL RIGHTS by the law (42 U.S.C.A. 14141). There are two separate incidents involving the same officer. The first incident happened on 4/17/2014, the officer had no probable cause to pull vehicle over as he stated in the police report that he stopped vehicle for broken tail light when there was no broken tail light nor proof of a broken tail light. The office took vehicle from me at gun point and threatened to take me to jail if I didn't take the breathalyzer test despite the fact that I was not the driver of the vehicle the officer didn't make a report that he took vehicle at gun point and that he threatened me because he didn't want no one to find out about it. The officer fabricated the police report and the breathalyzer test to his advantaged [sic] and impounded the vehicle at his discretion. The officer is responsible for damages to the vehicle because he was negligence [sic] in his part . . . . The second incident it happened on 7/13/2014, and again the officer had no probable cause to pull vehicle over as he stated in the police report that I was driving vehicle at an excessive speed and tail gating but I was not driving at an excessive speed or tailgating or any traffic violation. The officer fabricated the police report case no# 14-029970/cps022543, and charged me with a (D.U.I.) violation when I was not drunk or drinking the officer tempered [sic]/altered the breathalyzer device at the scene and at the police station to his advantage. I was deprived of my freedom when the office placed me under arrest on a false charge of (D.U.I.). The officer has been harassing me and persecuting me because of my race without probable cause. The officer has been observing my whereabouts and follows me around without probable cause. I feel persecuted and discriminated by the officers [sic] actions. The officer threatened me to sign my name against my will giving up my constitutional rights and my Miranda rights when I cannot read or write English because I

ORDER
PAGE - 5

never went to school.[3]  I come from the Apache Ancestry and I have no education. . . .  Officer Blackwell has abused his authority under the Port of Seattle police Department for "MALICIOUS HARASSMENT" and for "VIOLATING THE CONSTITUTIONAL LAWS".

Dkt. #1, Exhibit 1.

### A. Claims Against Officer Blackwell

*1. Malicious Harassment*

Under Washington criminal law, malicious harassment is a felony hate crime. RCW 9A.36.080.  Washington also provides a sister civil remedy, which allows a hate-crime victim to bring a lawsuit against the criminal harasser.  RCW 9A.36.083.  In such a civil action, a person may be liable to the victim of malicious harassment for actual damages, punitive damages of up to ten thousand dollars, and reasonable attorneys' fees and costs incurred in bringing the action. *Id.*  To succeed on a claim for malicious harassment, a plaintiff must show that the defendant injured him, damaged his property, or threatened him because of his or her race, color, religion, ancestry, national origin, gender, sexual orientation, or mental, physical, or sensory handicap.  *Gustafson v. City of W. Richland*, 2011 U.S. Dist. LEXIS 128797, * 14 (E.D. Wash. Nov. 7, 2011).  There is no evidence supporting such a claim in this case.

There is no evidence in the record that Officer Blackwell injured or threatened to injure Plaintiff in any manner.  Indeed, the evidence shows that Plaintiff voluntarily took breathalyzer tests on two separate occasions, and that his blood alcohol content was over the legal limit on both occasions.  While Plaintiff alleges he only took the tests because he was threatened at gunpoint, his allegations have been discredited.  Dkt. #12, Exs. A-E.  Plaintiff has provided no

---

[3]  Interestingly, Plaintiff makes this assertion despite the fact that he has submitted *pro se* a coherent Complaint with a type-written account of events in English and a prior hand-written motion for extension of time in English, notes that he has read the owner's manual for his Lexus vehicle, and asserts that he was able to file two citizen complaints with the Port of Seattle Police Department.  *See* Dkts. #1, Ex. A and #7.

ORDER
PAGE - 6

evidence to the contrary in response to the instant motion.  Likewise, there is no evidence in the record that Officer Blackwell caused any damage to Plaintiff's property, despite Plaintiff's allegation that his vehicle sustained damage to the "R&R MUFFLER, THE TAIL PIPE, AND THE BODY."  Dkt. #1, Ex. A.  Plaintiff states that the damage was caused because a flatbed tow truck was not used when his car was impounded.  *Id.*

Even assuming, *arguendo*, that Plaintiff had been threatened with harm or that his property had been damaged by Officer Blackwell, there is no evidence in the record to sustain a finding that such actions were "because of" his race (Apache Indian).  Plaintiff, in conclusory manner, alleges that Officer Blackwell targeted him because of his race, but has provided no evidence to support that accusation.  Rather, the evidence in the current record shows that Plaintiff's vehicle was impounded and that he was arrested because his blood alcohol content exceeded the legal limit.  Dkt. #12, Exs A-E.

As noted above, the nonmoving party must make a "sufficient showing on an essential element of her case with respect to which she has the burden of proof" to survive summary judgment.  *Celotex*, 477 U.S. at 323.  Further, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 251.  Plaintiff's bald speculation does not sustain his burden in this case.  Accordingly, his malicious harassment claim will be dismissed.

  *2. Negligence*

Plaintiff next alleges that Defendant was negligent in allowing his car to be towed without the use of a Flatbed tow truck, and is therefore liable for alleged resulting damage.  There is no evidence in the record to support this claim.  There is no document demonstrating

any actual damage to the vehicle that was not previously in existence, and there is no evidence that Officer Blackwell proximately caused the alleged damage. Plaintiff's bare allegations are not enough to support the claim. Accordingly, Plaintiff's claim will be dismissed.

   *3. Federal Constitutional Rights*

Finally, Plaintiff alleges that his federal constitutional rights were violated because there was no probable cause to pull over his vehicle on either occasion, and that he was arrested without probable cause on the second occasion.

   a. Traffic Stops

Under the Fourth Amendment, an officer is permitted to make brief investigatory stops, including traffic stops, when that officer has a reasonable suspicion that the driver is engaged in criminal activity. *U.S. v. Lopez-Soto*, 205 F.3d 1101, 1104-05 (9th Cir. 2000); *Navarette v. California*, 134 S. Ct. 1683, 1687 (2014). In the Ninth Circuit, probable cause is not necessary to conduct an investigatory traffic stop. *Lopez-Soto*, 205 F.3d at 1104-05 (9th Cir. 2000). An officer has reasonable suspicion when "specific, articulable facts which, together with objective and reasonable inferences, form the basis for suspecting that the particular person detained is engaged in criminal activity." *Id*. at 1105 (internal citations omitted). "An officer is entitled to rely on his training and experience in drawing inferences from the facts he observes, but those inferences must also be grounded in objective facts and be capable of rational explanation." *Id*. (internal citations omitted).

In this case, Officer Blackwell stopped the vehicle in which Plaintiff was riding on the first occasion because he observed the vehicle straddling two lanes of traffic and also observed the vehicle's broken taillight. Dkt. #12, Exs. C-E. Plaintiff has not provided any evidence to the contrary. Likewise, Officer Blackwell stopped Plaintiff's vehicle on the second occasion

because he observed Plaintiff tailgating, driving at an excessive speed and crossing the yellow lane barrier. Dkt. #12, Exs. B, C and E. Plaintiff has not provided any evidence to the contrary. As a result, the Court finds that Officer Blackwell had reasonable suspicion to investigate and stop the vehicles on both occasions. Accordingly, the Court dismisses any claim that Plaintiff's constitutional rights were violated when Officer Blackwell stopped his vehicle on either occasion.

  b. <u>Warrantless Arrests</u>

  The Court next turns to Plaintiff's arrest. Under the Fourth Amendment, a warrantless arrest requires probable cause. *Michigan v. Summers*, 452 U.S. 692, 700 (1981). Probable cause to arrest exists when officers have knowledge or reasonably trustworthy information sufficient to lead a person of reasonable caution to believe that an offense has been or is being committed by the person being arrested. *U.S. v. Lopez*, 482 F.3d 1067, 1072 (9th Cir. 2007).

  Under RCW 46.61.502, "a person is guilty of driving while under the influence of intoxicating liquor . . . if the person drives a vehicle within this state, . . . and the person has, within two hours after driving, an alcohol concentration of 0.08 or higher as shown by analysis of the person's breath." At the time Plaintiff was arrested, Officer Blackwell was aware that Plaintiff had tailgated and had driven at a high rate of speed; Plaintiff's vehicle movements were jerky; Plaintiff made a sudden U-turn without signaling; Plaintiff drove over a painted concrete divider; Plaintiff drove over a sidewalk; Plaintiff responded slowly to emergency lights; Plaintiff turned the wrong way onto one-way alley; Plaintiff slurred his speech; Officer Blackwell smelled alcohol coming from the truck; Plaintiff's eyes were watery and his face was flushed; Plaintiff failed the horizontal nystagmus test; and Plaintiff blew a .139 on a preliminary breath test. Dkts. #17 at 10 and #12, Exs. C-E. This is enough to establish probable cause, and Plaintiff has provided

ORDER
PAGE - 9

no evidence to the contrary. Accordingly, any claim of a constitutional violation for arrest without probable cause is dismissed.

B.  **Claims Against Port of Seattle PD**

Plaintiff has also named the Port of Seattle Police Department as a Defendant in this action; however, he fails to allege any specific claim against it. *See* Dkt. #1, Ex. A. To the extent Plaintiff alleges that the Department maliciously harassed him or negligently caused damage to his vehicle, those claims are dismissed for the reasons set forth above.

Further, any constitutional claim against the Department is also dismissed. A municipality cannot be held liable under 42 U.S.C. § 1983 on a *respondeat superior* theory. *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Hamilton v. Endell*, 981 F.2d 1062, 1067 (9th Cir. 1992). Accordingly, to succeed on a section 1983 claim against the Port of Seattle Police Department in this case, Plaintiff must prove facts establishing municipal liability in one of the following ways:

> 1. "a [government] employee committed the alleged constitutional violation pursuant to a formal governmental policy or a longstanding practice or custom which constitutes the standard operating procedure of the local government entity";
>
> 2. "the individual who committed the constitutional tort was an official with final policy-making authority and that the challenged action itself thus constituted an act of official governmental policy"; or
>
> 3. "an official with final policy-making authority ratified a subordinate's unconstitutional decision or action and the basis for it."

*Gillette v. Delmore*, 979 F.2d 1342, 1346-47 (9th Cir. 1992). In addition, Plaintiff must prove that one of those listed circumstances was the cause in fact and the proximate cause of the constitutional deprivation. *Trevino v.* Gates, 99 F.3d 911, 918 (9th Cir. 1996).

ORDER
PAGE - 10

In this case, the Court has already determined that Plaintiff's constitutional rights were not violated, either by Officer Blackwell or Sergeant Myers. *See*, *supra*, and Dkt. #15. Accordingly, any *Monell* claim fails as a matter of law.

### V.     CONCLUSION

Having reviewed Defendants' motion for summary judgment and the reply in support thereof, along with all supporting declarations and exhibits and the remainder of the record, the Court hereby finds and ORDERS:

1. Defendants' Motion for Summary Judgment (Dkt. #17) is GRANTED. All of Plaintiff's remaining claims against Officer Blackwell and the Port of Seattle Police Department are DISMISSED with prejudice.

2. This matter is now CLOSED.

DATED this 13 day of July 2015.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE